IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CLEAResult CONSULTING INC.**, a Texas Corporation,

        Plaintiff,

    v.

**BENJAMIN LIPSCOMB**, an individual,

        Defendant.

Case No. 3:15-cv-01676-SI

**TEMPORARY RESTRAINING ORDER**

Jeffrey M. Edelson, Shannon L. Armstrong, and Lauren F. Blaesing, MARKOWITZ HERBOLD PC, 1211 S.W. Fifth Avenue, Suite 3000, Portland, OR 97204-3730. Of Attorneys for Plaintiff.

Edwin A. Harnden, Tyler J. Volm, and Andrew M. Schpak, BARRAN LIEBMAN LLP, 601 S.W. Second Avenue, Suite 2300, Portland, OR 97204. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      This matter came before the Court on Plaintiff CLEAResult Consulting Inc.'s ("Plaintiff") Motion for Temporary Restraining Order ("TRO"). Plaintiff appeared through its counsel Jeffrey M. Edelson and Shannon L. Armstrong of MARKOWITZ HERBOLD PC. Defendant Benjamin Lipscomb ("Defendant") appeared through his counsel Andrew M. Schpak and Tyler J. Volm of BARRAN LIEBMAN LLP.

      Courts apply the preliminary injunction factors in deciding whether to grant a TRO. *See Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear

showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) the plaintiff is likely to succeed on the merits; (2) the plaintiff is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in favor of the plaintiff; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Cottrell*).

On September 16, 2015, the Court heard the arguments of counsel and considered the memoranda and evidence submitted by the parties. Based on the parties' submissions and arguments, and having fully considered the arguments for and against entry of a Temporary Restraining Order, the Court finds and rules as follows:

1. There is a likelihood that Plaintiff will succeed on the merits of its claim against Defendant alleging that Defendant has breached his Agreement to Protect Business Interests with Plaintiff.

2.	Plaintiff will likely suffer irreparable harm in the absence of temporary injunctive relief.

3.	The irreparable injury Plaintiff faces outweighs any injury that Defendant will sustain as a result of the Temporary Restraining Order.

4.	An injunction is in the public interest under the circumstances presented here.

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order is **GRANTED** as follows:

1.	Until this Court orders otherwise, or until such time as the parties agree to terminate, amend, or supersede this TRO, for the next 28 days[1] Defendant shall be immediately enjoined from directly or indirectly soliciting or transacting business from or with the following four customers of Plaintiff that, according to Plaintiff, Defendant worked with while employed by Plaintiff: (a) Southern California Edison ("SCE"); (b) Pacific Gas & Electric ("PG&E"); (c) San Diego Gas & Electric ("SDG&E"); and (d) Commonwealth Edison ("CE").

2.	The parties shall engage in expedited discovery, within the scope of Rule 26 of the Federal Rules of Civil Procedure, in a timeframe that allows for the exchange of documents,

---

[1] The duration of a temporary restraining order issued without notice may not exceed 14 days but may be extended once for an additional 14 days for good cause; in addition, the reasons for the extension must be entered in the record. Fed. R. Civ. P. 65(b)(2). Because the temporary restraining order entered in this case is being issued with notice and after hearing, the 14-day limit for orders issued without notice does not apply. *See Horn Abbot Ltd. v. Sarsaparilla Ltd.*, 601 F. Supp. 360, 368 n.12 (N.D. Ill. 1984). Absent consent of the parties, however, "[a] court may not extend a 'TRO' indefinitely, even upon notice and a hearing." *Id*. Here, the Court has scheduled the preliminary injunction hearing to occur within 28 days from the date of this Order. In the alternative, to the extent that good cause must be shown for any extension beyond the initial 14 days and an explanation must be provided for such an extension, the Court finds good cause has been shown. The parties report that they have scheduled a mediation session to be held on October 2, 2015, which is beyond the initial 14-day period following entry of this Order but within a 28-day period. Good cause exists because the *status quo* should be maintained while the parties are afforded sufficient time both to see if they can resolve their dispute at the upcoming mediation and, if not, efficiently to prepare for the preliminary injunction hearing.

responses to discovery requests, and the taking of depositions at least three (3) days before the preliminary injunction hearing scheduled below.

      3.      This injunction shall be in force immediately based on Plaintiff's posting of $1,000 in Multnomah County Circuit Court, which will continue to secure this Order.

      4.      Defendant shall appear on **Wednesday, October 14, 2015**, in Courtroom 13B of the United States District Courthouse, 1000 S.W. Third Avenue, Portland, Oregon, at **1:00 P.M.** to show cause, if any, why a preliminary injunction should not issue continuing the foregoing injunctive relief or other equitable relief as ordered by the Court.

**IT IS SO ORDERED**.

DATED this 16th day of September, 2015.

                        /s/ Michael H. Simon
                        Michael H. Simon
                        United States District Judge